UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE W. HOOKER, <br> Plaintiff, <br> v. <br> I. GOMEZ, <br> Defendant. | Case No. 16-cv-07019-HSG (PR) <br><br> **ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at the California Medical Facility ("CMF"), filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging various constitutional violations by prison staff stemming from his previous incarceration at the Correctional Training Facility ("CTF"). Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

According to the amended complaint and attachments thereto, plaintiff alleges in his first claim that on April 27, 2014, CTF correctional officer I. Gomez harassed and taunted in him such a way that caused an unsafe environment. As a result, plaintiff ended up in a physical altercation with another inmate. Plaintiff's allegations of harassment, on their own, do not give rise to a constitutional claim. *See, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment). However, liberally construed, the allegations of the amended complaint state a Section 1983 claim for deliberate indifference to safety as against defendant Gomez.

Plaintiff's claims against CTF Warden M. Spearman, which are based on supervisory liability, are dismissed. Dismissal is without leave to amend as plaintiff has already been given an opportunity to amend his supervisory liability claims.

Plaintiff's remaining claims are DISMISSED without prejudice because they are not

2

related to the first claim. Plaintiff was previously advised that while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. Fed. R. Civ. P. 18(a); *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Plaintiff was also advised that parties may be joined as defendants only if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). If plaintiff seeks relief for his remaining claims, he must file a separate action or actions.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's amended complaint states a cognizable claim as against defendant I. Gomez. The Clerk shall add defendant I. Gomez to the docket in this action and shall terminate all other defendants.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 21) and a copy of this order upon **Correctional Officer I. Gomez** at the **Correctional Training Facility**. The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154

F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.

      b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

      c.    Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 3/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge